**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Zalman Eizikovitz, individually and on behalf of all others similarly situated,<br><br>                              Plaintiff,<br><br><br><br>         -v.-<br>Sunrise Credit Services, Inc.,<br>and John Does 1-25.<br><br>                              Defendants. | Case No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Zalman Eizikovitz (hereinafter, "Plaintiff") brings this Class Action Complaint by and through his attorneys, Stein Saks PLLC, against Defendant Sunrise Credit Services, Inc. (hereinafter "Defendant Sunrise"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1.   Congress enacted the Fair Debt Collection Practices Act ("the FDCPA') in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the

1

effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws ·were inadequate. *Id.* § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides as well as a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New York, County of Kings, residing at 1217 53rd St., Brooklyn, NY 11219-3609.

8. Defendant Sunrise is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) with an address at 260 Airport Plaza, Farmingdale, New York 11735-3946.

9. Upon information and belief, Defendant Sunrise is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10. John Does l-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

11. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12. The Class consists of:

    a. all individuals with addresses in the State of New York;

    b. to whom Defendant Sunrise sent a collection letter attempting to collect a consumer debt;

    c. regarding collection of a debt;

    d. that imposed unauthorized "other charges" without any explanation for the "other charges;"

    e. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

13. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

14. Excluded from the Plaintiff Class are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communication to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ l692e and 1692f.

16. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

17. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

    b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal

    issue is whether the Defendants' written communication to consumers, in the forms **attached as Exhibit A**, violate 15 § l692e and §1692f.

c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

20. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

21. Some time prior to November 9, 2020, an obligation was allegedly incurred to Optimum.

22. The obligation arose out of a transaction in which money, property, insurance or services, of which the subject transactions, were incurred for personal, family or household purposes, specifically internet and telecommunication services.

23. The alleged Optimium obligation is a "debt" as defined by 15 U.S.C.§ 1692a (5).

24. Optimium is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

25. Optimium contracted with the Defendant to collect the alleged debt.

26. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*November 9, 2020 Collection Letter*

27. On or about November 9, 2020, Defendant sent the Plaintiff a collection letter (the "Letter") regarding the alleged debt owed to Optimium  See Letter attached as Exhibit A.

28. The collection letter states an Account Balance of $629.74; Other Charges of $180.00 and a total Balance Due of $809.74

29. Defendant's letter does not explain the term "other charges" and Plaintiff has no way of determining what the "other charges" may be.

30. This statement from the Defendant is a threat to collect an amount that is not provided in the contract or by law.

31. Plaintiff is not informed what the basis of this fee is, and whether this fee can increase the balance of the total debt, causing adjustments if the Plaintiff pays the amount shown on the Letter.

32. The addition of "other" fees by Defendant which was not authorized by the agreement creating the debt or permitted by law, was an attempt to collect an amount not owed by Plaintiff.

33. Defendant misled and deceived Plaintiff into the belief that she falsely owed additional fees that were not authorized by the agreement creating the debt nor permitted by law when this charge is a violation of the FDCPA.

34. In the alternative, if this fee is due to equipment that has not been returned, the letter is deceptive and misleading for not informing the Plaintiff that if she would return the equipment which forms the basis of the charge, the balanced would be reduced significantly due to a credit for the returned equipment.

35. Upon information and belief, if Plaintiff would return the equipment which forms the basis of the charge, the balanced would be reduced significantly due to a credit for the returned equipment.

36. Defendant's letter makes no mention at all of this possibility.

37. It is deceptive to list a charge for equipment and not to make any mention of the possibility of reducing the charge significantly (or completely) by simply returning the equipment.

38. By listing a charge for unreturned equipment and not stating the plain and simple way in which Plaintiff can remedy this Balance, Defendant has deceptively misled Plaintiff by implying that the fee due to unreturned equipment is fixed and cannot be remedied or mitigated.

39. As a result of Defendant's deceptive, misleading and false debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692e *et seq.*

40. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

41. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

42. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

43. Defendant violated said section by:

   a. Making a false and misleading representation in violation of but not limited to §1692e (10).

44. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e et seq. of the FDCPA and is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692f *et seq.*

45. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

46. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

47. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

48. Defendant violated this section by charging a fee not authorized by contract or permitted by law and by omitting a simple way in which Plaintiff can remedy or mitigate the Equipment Balance stated in their letter.

49. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f et seq. of the FDCPA and is entitled to actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

50. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Zalman Eizikovotz, individually and on behalf of all others similarly situated, demands judgment from Defendant Sunrise as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Raphael Deutsch, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: January 22, 2021                                         Respectfully Submitted,

/s/ Raphael Deutsch
**Stein Saks, PLLC**
By:  Raphael Deutsch
285 Passaic Street
Hackensack, NJ 07601
Phone: (201) 282-6500 ext. 101
Fax: (201)-282-6501
rdeutsch@steinsakslegal.com